UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-11744-RGS

JOSE JUSTINO ESTUPINAN-ANGULO

v.

FMC DEVENS

ORDER

April 30, 2026

STEARNS, D.J.

On April 16, 2026, the clerk was directed to re-file petitioner's pleadings in *Estupinan-Angulo v. United States Immigr. & Customs Enf't*, No. 26-10938-ADB ("No. 26-10938-ADB"). (Doc. No. 4). The court explained that it appears that petitioner filed the documents in response to the April 2, 2026 order entered in No. 26-10938-ADB. *Id.* The case was dismissed. *Id.*

Now before the court is petitioner's motion seeking to have the court consider "his stay of removal for humanitarian reasons." (Doc. No. 6 at 1). Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" various reasons. Fed. R. Civ. P. 60(b). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24,

30 (1st Cir. 2006), quoting 11 Charles Alan Wright, et al., Fed. Practice and Procedure § 2810.1 (2d ed. 1995). Petitioner has not met that standard here.

Vacating the dismissal to allow Petitioner to proceed would be futile. Petitioner's earlier habeas action, No. 26-10938-ADB, was dismissed because the district courts are without jurisdiction to issue stays of removal. *See* 04-29-2026 Memorandum and Order, Doc. No. 8, No. 26-10938-ADB (denying petition and dismissing). Such claims are barred by the REAL ID Act of 2005 ("the Act"), 8 U.S.C. § 1252.[1] The Act further clarifies that a petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

I recognize that petitioner has a serious health condition, however, this court is without jurisdiction to stay petitioner's removal. Therefore, petitioner's motion (Doc. No. 6) is DENIED and this case remains closed.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] The Act provides: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision[,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5).